**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES FRANKS** | : | **CIVIL ACTION** |
| | : | |
| **V.** | : | |
| | : | |
| **CURRAN FROMHOLD CORRECTIONAL** | : | |
| **FACILITY** | : | |
| | : | **NO.  02-CV-3675** |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**I.     SUMMARY OF FACTS AND PROCEDURAL STANDING**

Plaintiff named the Curran Fromhold Correctional Facility as the defendant in the instant action.  No other defendants were named in the complaint.  (See Exhibit A – Plaintiff's Statement of Claim.)  Plaintiff is seeking relief from the Curran Fromhold Correctional Facility for being assigned to a multipurpose room without a bathroom, without locks on the doors, and living with five other inmates.  Plaintiff avers that he felt scared thinking that someone would come into the room and harm him or the other inmates.  *Id.*

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss a complaint for failure to state a claim when the facts alleged in plaintiff's Complaint, if true, would not entitle plaintiff to the relief requested.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957);  D.P. Enterprises, Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir. 1984).  In evaluating a motion to dismiss, the Court must consider only those facts alleged in the Complaint and assume that those facts are true.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  However, a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss.  In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).

Conclusory allegations or legal conclusions masquerading as factual conclusion will not suffice to prevent a motion to dismiss. Morse v. Lower Merion Sch. Dist, 132 F.3d 902, 906 n.8 (3d Cir. 1997).

The liberal pleading considerations of *pro se* plaintiffs apply only to plaintiff's factual allegations. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even after construing a *pro se* complaint liberally, a motion to dismiss may be appropriate. See Golson v. Evans, No. 86-1177, 1986 WL 7577, at *1 (E.D. Pa. June 30, 1986).

Federal Rule 12(b)(1) permits this Court to dismiss for lack of jurisdiction. Plaintiff has the burden to prove jurisdiction exists. Development Fin. Corp. v. Alpha Housing and Health Care, Inc., 54 F.3d 156, 158 (3rd Cir. 1995). Plaintiff cannot merely stand on his allegations and averments in his complaint. Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3rd Cir.), *cert denied* 519 U.S. 1028, 117 S.Ct. 583 (1996). Rather, Plaintiff must come forward with affirmative evidence or legal support that the court does have jurisdiction. *Id.*

## III.    ARGUMENT

**A. The Curran Fromhold Correctional Facility is not a legal entity and therefore, this action should dismissed.**

The Curran Fromhold Correctional Facility is not a separate legal entity subject to suit. 53 P.S. 16257 (2001). All suits must be brought in the name of the City of Philadelphia itself because departments do not have a separate and independent existence. Regalbuto v. City of Philadelphia, 937 F.Supp. 374, 377 (E.D. Pa 1995), *aff'd*, 91 F.3d 125 (3rd Cir.) (table), *cert. denied* 519 U.S. 982, 117 S.Ct. 435 (1996); City of Philadelphia v. Glim, 613 A.2d 613 (Cmmwlth 1992). As no legal entity has been named as a defendant, this Court should dismiss the instant action. *Id*.

**B.  Plaintiff has not adequately pled a claim of municipal liability.**

Assuming *arguendo* that Plaintiff did name the City of Philadelphia as defendant, Plaintiff has not adequately plead a claim of municipal liability against the City of Philadelphia. Plaintiff claims that his constitutional rights were violated, assuming *arguendo*, by the City of Philadelphia by having plaintiff placed in a multipurpose room with no bathroom, no locks on the doors, and five other inmates.  (Exhibit A – Plaintiff's Complaint.)  The liberal pleading considerations of *pro se* plaintiffs apply only to plaintiff's factual allegations.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, these averments, construed in the light most favorable to the plaintiff, are insufficient to state a claim against the City of Philadelphia and, therefore, Plaintiff's claim should be dismissed.  Grayson v. Mayview State Hospital, 293 F.3d 103, 107-108 (3rd Cir. 2002) (citing Bd. of County Commissioners of Byron County v. Brown, 520 U.S. 397, 404 (1997) and Berg v. County of Allegheny, 219 F.3d 261, 276 (3rd Cir. 2000).  Therefore, this Court should dismiss the instant action.

**C.  Plaintiff fails to meet the requirements of the PLRA for claims of mental anguish or emotional injury.**

Plaintiff is seeking damages for fear and losing sleep related to his housing assignment. Section 1997e(e) of the Prison Litigation Relief Act requires that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C.A. 1997e(e) (2002).  In his complaint, Plaintiff does not aver that he suffered any physical injury.  Rather, Plaintiff admits that he suffered no physical injury.  Plaintiff's alleged mental anguish is based on speculation and conjecture.  (Exhibit A – Plaintiff's Complaint – Statement of Claim.)  Therefore, this Court should dismiss Plaintiff's complaint.

**D.  Speculation of harm is not a cognizable constitutional claim and therefore Plaintiff's complaint should be dismissed.**

Plaintiff has failed to state a cognizable constitutional claim and therefore his complaint should be dismissed.  "Thinking someone would come into that room and do bodily harm to [plaintiff] or one of the other inmates" is sheer speculation and is not sufficient to state a claim under the Eighth Amendment or Fourteenth Amendment for a failure to protect.

The Eighth Amendment of the United States Constitution imposes a prohibition against cruel and unusual punishment.  Hamilton v. Leavy, 117 F.3d 742, 746 (3rd Cir. 1997) (citing Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078 (1986)).  This prohibition provides protection to inmates from the "unnecessary and wanton infliction of pain."  Id.  From this prohibition and subsequent protection flows the principle that prison officials have a duty to take reasonable measures to protect inmates from other inmates.  Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  However, this principle assumes that *something happened*.  Plaintiff does not aver that he was assault or threatened by anyone or that he saw someone being assaulted or being threatened.  Rather, Plaintiff avers that it *could* have happened and therefore he should be compensated.  "Hypothetical or conjectural injuries are inadequate." Phillips v. County of Bucks, 1999 WL 600541 (E.D.Pa) citing Lewis v. Casey, 518 U.S. 343, 350, 116 S.Ct. 2174 (1996); City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983).

**E.  In the alternative, the Court has no jurisdiction over claims borne of conjecture and therefore Plaintiff's complaint should be dismissed.**

As Plaintiff does not allege an actual injury or an imminent injury, this Court has no jurisdiction over Plaintiff's complaint.  Plaintiff is required to show that he suffered some actual harm or threatened injury due to some unconstitutional conduct.  Valley Forge College v.

Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752 (1982). While it is not required that Plaintiff first suffer the injury, the alleged injury cannot be conjecture or fantasy. Phillips v. County of Bucks, 1999 WL 600541 (E.D.Pa) citing Lewis v. Casey, 518 U.S. 343, 350, 116 S.Ct. 2174 (1996); City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Plaintiff alleges no actual harm or anything that could be construed as imminent harm. Plaintiff merely demands to be compensated for a conjectured possible injury that never actualized. This Court has no jurisdiction over such claims and Plaintiff's complaint should be dismissed.

## IV.    CONCLUSION

Plaintiff's complaint does not state a recognized legal entity nor does it state a cognizable claim against a legal entity. In the alternative, as plaintiff has suffered no injury or imminent injury, this Court has no jurisdiction over the matter. Thus, it is requested that this Court to enter judgment with prejudice against Plaintiff.


Respectfully Submitted,


JAMES M. DUCKWORTH
Assistant City Solicitor
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **JAMES FRANKS** | : | **CIVIL ACTION** |
| | : | |
| **V.** | : | |
| | : | |
| **CURRAN FROMHOLD CORRECTIONAL** | : | |
| **FACILITY** | : | |
| | : | **NO.  02-CV-3675** |

---

<u>**DEFENDANT'S, CITY OF PHILADELPHIA, MOTION FOR SUMMARY JUDGMENT
PURSUANT TO F.R.Civ.P. 56(b)**</u>

Defendant, through the undersigned attorney, moves this Honorable Court for the entry of an order dismissing Plaintiff's complaint pursuant to Rule 12(b)(6) or 12(b)(1) of the Federal Rules of Civil Procedure.   In support of its motion, Defendant refers the Court to its Memorandum of Law, dated August 28, 2002, and submitted herein.

**WHEREFORE,** Defendant is entitled to judgment in its favor as a matter of law and reasonable costs expended in defense thereof.

Respectfully Submitted,

BY:_____
JAMES M. DUCKWORTH
Assistant City Solicitor
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA 19102

DATE:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES FRANKS** | : | **CIVIL ACTION** |
| | : | |
| **V.** | : | |
| | : | |
| **CURRAN FROMHOLD CORRECTIONAL** | : | |
| **FACILITY** | : | |
| | : | **NO.  02-CV-3675** |

**<u>ORDER</u>**

      **AND NOW**, this       day of         , 2002, upon consideration of Defendant's Motion to Dismiss and Plaintiff's response thereto, it is hereby ORDERED AND DECREED that Defendant's Motion is GRANTED.  Plaintiff's complaint is DISMISSED.

                                         **BY THE COURT:**

                                       _____

                                        **BRUCE W. KAUFFMAN, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES FRANKS** | : | **CIVIL ACTION** |
| | : | |
| **V.** | : | |
| | : | |
| **CURRAN FROMHOLD CORRECTIONAL** | : | |
| **FACILITY** | : | |
| | : | **NO.  02-CV-3675** |

## <u>CERTIFICATE OF SERVICE</u>

I, James Duckworth, Assistant City Solicitor, hereby certify that a true and correct copy of Defendant's Motion to Dismiss was delivered to the following via Regular United States Mail:

**TO:**    James Franks, 741913
8001 State Road, CFCF
Philadelphia, PA 19136

Date:_____

BY:_____
            JAMES DUCKWORTH
            Assistant City Solicitor
            City of Philadelphia
            1515 Arch Street, 14th Floor
            Philadelphia, Pennsylvania 19102

EXHIBIT A