IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES FRANKS** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-3675 |
| | : | |
| **CURRAN FROMHOLD CORRECTIONAL FACILITY** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                           **March    , 2003**

Plaintiff James Franks brings this action, pro se, against Curran-Fromhold Correctional Facility ("CFCF"), a City of Philadelphia prison, alleging a violation of his Eighth Amendment constitutional rights under 42 U.S.C. § 1983.[1] Plaintiff alleges that his constitutional rights were violated when Defendant placed him in a substandard room with five other inmates during his incarceration. Now before the Court is Defendant's Motion to Dismiss.[2] For the reasons set forth below, the Motion will be granted.

**I.      Background**

Accepting all well-pleaded allegations as true, the relevant facts are as follows. Plaintiff alleges that, during his incarceration at CFCF, he was placed in a "multipurpose room" with no bathroom, no locks on the doors, and five other inmates. (Compl. at 4.) Plaintiff avers that he

---

[1] Although Plaintiff does not explicitly state that his claims are brought under 42 U.S.C. § 1983, the Court will construe his allegation of a violation of constitutional rights by a state actor as a claim pursuant to § 1983.

[2] Plaintiff has filed no response to Defendant's Motion except a letter in which he states that he would like to continue with this action.

was afraid that bodily harm would come to him as a result of being placed in that room and that he was therefore unable to sleep. (Compl. at 4.) Though Plaintiff does not explicitly state how much time he spent in the room, he refers to the time period as including multiple days. (Compl. at 4.)

## II.     Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## III.    Analysis

Defendant, an agency of the City of Philadelphia, argues that Plaintiff has not adequately pled a claim of municipal liability. "[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978). See also Bd. of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997) ("[I]n Monell and subsequent cases, we have required a plaintiff seeking to

impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."). Accordingly, a plaintiff must allege that a "policy or custom" of the municipal defendant was the "moving force" behind the alleged violation of his Eighth Amendment rights. Grayson v. Mayview State Hospital, 293 F.3d 103, 107 (3d Cir. 2002). See also Bd. of County Commissioners of Bryan County, 520 U.S. at 404; Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000).

Here, Plaintiff has not alleged that CFCF had a policy of placing inmates in unlocked rooms with five other inmates. See Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) ("Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict.") (quoting Pembaur v. City of Cincinnatti, 475 U.S. 469, 481 (1986)). Nor does he allege that inmates were placed in such rooms on a recurring basis that might establish a custom. See Bielevicz v. Duninon, 915 F.2d 845, 850 (3d Cir. 1990). Cf. Anela v. City of Wildwood, 790 F.2d 1063, 1069 (3d Cir. 1986) (municipal liability is appropriate if the conditions Plaintiff alleges were the norm "even though such a custom has not received formal approval through the body's official decision making channels") (quoting Monell, 436 U.S. at 691). Because Plaintiff fails to allege that CFCF was acting pursuant to policy or custom, the Court will dismiss his Complaint without prejudice to the filing of an amended complaint in which he sufficiently pleads municipal liability if he in good faith can do so.[3]

---

[3] The Court therefore does not reach Defendant's other arguments in support of its Motion to Dismiss.

**IV.**     **Conclusion**

  For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES FRANKS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 02-CV-3675 |
| | : | |
| **CURRAN FROMHOLD CORRECTIONAL FACILITY** | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of March, 2003, upon consideration of Defendant's Motion to Dismiss (docket no. 9), **IT IS ORDERED** that the Motion is **GRANTED.** Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint that includes a basis for municipal liability within twenty (20) days of the date of this Order.

BY THE COURT:

_____
**BRUCE W. KAUFFMAN, J.**